## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **LISA ETHEREDGE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:**_____ |
| | ) | |
| **CHARLES GENE ETHEREDGE, SR.,** | ) | |
| **ETHEREDGE DEVELOPMENT, INC.,** | ) | |
| **and ETHEREDGE MANUFACTURING** | ) | **JURY DEMAND REQUESTED** |
| **COMPANY, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### Parties

1.      Plaintiff Lisa Etheredge is an adult resident citizen of the State of Alabama, and is a shareholder in a number of closely-held, family-owned businesses, collectively referred to as the "Etheredge Companies."[1]   Plaintiff Lisa Etheredge is a minority shareholder of Etheredge Development, Inc. and Etheredge Manufacturing Company, Inc. (hereinafter "Defendant Companies" or "Defendants"), and holds a majority stake in St. Joseph Casket Company (98% ownership interest) and Etheredge Trucking, LLC (95% ownership interest).

2.      Defendant Charles Gene Etheredge, Sr. (hereinafter "Etheredge Sr.") is an adult resident citizen of the State of Tennessee.   Charles Etheredge Sr. is director, shareholder, member and/or officer in each of the "Etheredge Companies," and at all times relevant has dominated and controlled such entities.   Charles Etheredge Sr. holds a ninety (90) percent

---

[1] "Etheredge Companies" collectively refer to Etheredge Development, Inc., Etheredge Trucking, LLC Etheredge Manufacturing, Inc., and St. Joseph Casket Company.

majority ownership interest in both Etheredge Manufacturing and Etheredge Development, and is the sole owner of another family-owned business, Iron City Stamping, Inc., which regularly conducts business with the Etheredge Companies.

3. Defendant Etheredge Development Inc. is a closely held corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Iron City, Tennessee. At all times relevant hereto, Defendant Etheredge Sr. has been President, and held a ninety (90) percent ownership interest, while Plaintiff Lisa Etheredge has held a ten (10) percent interest.

4. Defendant Etheredge Manufacturing Company, Inc. is a closely held corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Iron City, Tennessee. At all times relevant hereto, Defendant Etheredge Sr. has been the President and has held a ninety (90) percent ownership interest, while Plaintiff Lisa Etheredge has held a ten (10) percent interest.

**Introduction**

5. Plaintiff brings the following direct action against the Defendant Companies and majority and controlling shareholder, Defendant Charles Etheredge Sr., based upon acts and omissions which have oppressed the Plaintiff's rights, have frozen her out, and deprived her of a reasonable expectation to financially share in the Etheredge Company profits and participate in the management of such entities.

6. The instant lawsuit involves the operation and interplay among a number of family-owned businesses, (hereinafter referred to collectively as "Etheredge Companies"), all of

2

which are close corporations with few shareholders[2]. In fact, Defendant Charles Etheredge Sr. and the Plaintiff are the only shareholders of each of the two Etheredge Companies. The gravamen of the Plaintiff's Complaint is that Defendant Charles Etheredge, Sr. has controlled and dominated each of the closely held, Etheredge Companies in furtherance of his own self interests. Plaintiff alleges that Etheredge Sr. has controlled these entities, has maintained (and manipulated) the books and records of the entities, and has made all of the business decisions concerning these entities without the Plaintiff's knowledge and/or input, including business transactions between the affiliated entities and his wholly-owned corporation, Iron City Stamping.

7. Defendant Etheredge Sr. has dual and competing interests which are not aligned with the Plaintiff's interests. Etheredge Sr. has advanced his own interests to the disadvantage of the Plaintiff, has deprived Plaintiff of an effective voice in making business decisions, and has withheld information regarding the affairs and decisions being made. While Plaintiff holds a majority stake in two (2) of the Etheredge Companies, both of these entities have been dominated and controlled by Etheredge Sr.; and their performance remains inextricably linked to their relationship with Etheredge Sr.'s wholly-owned company, Iron City Stamping.

8. Operating under the auspices of majority rule and control, Etheredge Sr. has wielded all decision-making power over the Etheredge Companies, and has abused such power to further his own interests and deny Plaintiff of her reasonable expectation of a proportionate share in earnings and a meaningful role in the management of the businesses. The Plaintiff alleges that the Defendant Etheredge Companies were created for the purpose of having separate

---

[2] While Etheredge Trucking is organized as an LLC, its membership is limited to the Plaintiff and Etheredge, Sr.

sets of books, records and financial income tax returns to veil the fact that Iron City Stamping was the primary entity through which all affiliated entities were controlled.

9.  Given the close nature of these entities, Defendant Charles Etheredge, Sr. has failed to act in good faith, with candor, honesty, loyalty or fairness in the operation of such companies, and has engaged in practices which have financially harmed the Plaintiff. Specifically, Defendant Etheredge Sr. has engaged in acts designed to alter and/or falsify corporate books and records, and to manipulate and divert monies among the related entities including his wholly-owned company, Iron City Stamping, in order to make the affiliated entities less profitable, to dilute Plaintiff's interests therein, as well as burden such companies with unnecessary, concocted debt. As a result, Plaintiff has been deprived of her reasonable expectations as a shareholder based upon Defendant Etheredge Sr.'s failure to distribute corporate profits and/or dividends, or to properly account for income in corporate tax filings. Further, Defendant Etheredge Sr. has substantially refused and impeded Plaintiff's demand and ability to review the corporate books and records of these related entities in violation of Tennessee law.

10.  The suit seeks to recover damages suffered by Plaintiff as a result of Defendants' oppressive acts and omissions, including refusing to distribute corporate profits and/or pay dividends, engaging in conflicted interest transactions, misappropriating corporate assets, diluting Plaintiff's interests, refusing the Plaintiff's legitimate demand for a books and records inspection, and depriving the Plaintiff of the ability to participate in or receive proper disclosures regarding the performance of the Etheredge Companies. Further, because Etheredge Sr.'s domination and control over these entities has left the Plaintiff with no other recourse, the

Plaintiff also seeks equitable relief in the form of a dissolution of the Defendant entities in order to compensate Plaintiff for monies she has been unlawfully deprived.

11.     Etheredge Sr. controlled the Etheredge Companies and took action designed to negate and/or dilute the Plaintiff's ability to share in the profits of and participate in  the Defendant Companies and otherwise harmed the Plaintiff's rights and interests therein.

## JURISDICTION AND VENUE

12.     Venue is proper in this Court in that the Defendants are located in Iron City, Tennessee, and all acts complained of occurred in the Middle District of Tennessee.

13.     Jurisdiction is proper pursuant to 28 U.S.C. §1332, as diversity of citizenship exists between the Plaintiff and the Defendants, and the amount in controversy exceeds the jurisdictional threshold of the Court.   Furthermore, a substantial part, if not all, of the events and/or omissions giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

14.     Plaintiff Lisa Etheredge and Defendant Charles G. Etheredge, Sr. are the sole shareholders/members in a number of family-owned and related businesses, including St. Joseph Casket Company, Etheredge Manufacturing, Inc., Etheredge Development, Inc., Etheredge Trucking, LLC.

| Name of Entity | Business | Ownership |
|---|---|---|
| St. Joseph Casket Company | Manufacture and assembly of burial caskets. | 98% Lisa Etheredge<br><br>2% Charles Etheredge, Sr. |

5

| Etheredge Development | Real Estate | 10% Lisa Etheredge |
| | | 90 % Charles Etheredge, Sr. |
| Etheredge Trucking | Leased trucks are re-leased by St. Joseph Casket | 95 % Lisa Etheredge |
| | | 5% Charles Etheredge, Sr. |
| Etheredge Manufacturing | Owns trucks and leases to Etheredge Trucking | 10% Lisa Etheredge |
| | | 90 % Charles Etheredge, Sr. |
| Iron City Stamping[3] | Manufacture metal handles, brackets, etc. | 100 % Charles Etheredge, Sr. |

15.     Defendant Charles Etheredge Sr., upon information and belief, is the sole owner

of

Iron City Stamping, which regularly conducts business with the other Etheredge-related entities.

16.     Defendant Charles G. Etheredge, Sr. is Plaintiff's father-in-law.

17.     Plaintiff inherited her ownership interests in these Etheredge related entities upon

the death of her husband in 2008, at which time she became heir to a 10% ownership in both

Defendant Companies described herein, as well as a majority owner of Etheredge Trucking and

St. Joseph Casket Company.

18.     Prior to and following her husband's death, Defendant Etheredge Sr. failed to

distribute profits and/or pay dividends to Plaintiff (or her husband) pursuant to her ownership

interest in the Etheredge entities, but instead limited Plaintiff's compensation to a salary, as set

by Defendant Etheredge Sr., from St. Joseph Casket Company.[4]

_____

[3] Iron City Stamping is not a party at present, and is solely owned by Charles Etheredge, Sr.
[4] Similarly, Etheredge, Sr. had previously paid the Plaintiff's husband a salary from Iron City Stamping.

19.     Since her husband's death, Plaintiff has been deprived of dividends and/or other compensation from the Defendant Companies, which Etheredge Sr. unilaterally controls and dominates.

20.     Defendant Etheredge Sr. holds a majority ninety (90) percent interest in each of the Defendant Companies and oversees the day-to-day operations and management of each Company. Further, Defendant Etheredge Sr., as the Defendant Companies' President and Board Chairman, has failed and refused to call annual shareholder or board meetings and has refused to provide Plaintiff with accurate financial information regarding any of the Etheredge entities, as well as entered into contracts and agreements without the knowledge and/or consent of Plaintiff. Further, Defendant Etheredge Sr. has concealed the revenues and/or profitability of the Etheredge Companies from the Plaintiff.

21.     In furtherance of his scheme to conceal the revenues and/or profitability of these entities, Defendant Etheredge Sr. has utilized his own personal accountant to prepare all tax filings for each of the related businesses, and thereby manipulated and/or falsified the books and records of such entities, depriving Plaintiff of the true financial status of the companies.

22.     Further, despite Plaintiff's demands, for a books and records inspection, in accordance with Tenn. Code §48-26-102, Plaintiff has only received limited documentation, including corporate tax returns for 2007-2011 for all companies involved, but has yet to receive:

> (1) Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation,
>
> (2) minutes of any meeting of the shareholders,
>
> (3) records of actions taken by the shareholders or board of directors without a meeting.
>
> (4) all accounting and financial records of the corporations; and

7

(5) the record of shareholders.

23.     Upon information and belief, Defendant Etheredge Sr. has engaged in a scheme to alter the corporate books and records in order to minimize the tax consequences to himself and/or his company and make both Defendant Companies appear less profitable, which subsequently decreased the value of the Plaintiff's shares and eliminated any need to declare or distribute profits and/or dividends for the benefit of Plaintiff. Specifically, Defendant Etheredge, Sr. has drained the Companies assets through one-sided contracts and business dealings with Iron City Stamping, a company owned solely by Defendant Etheredge Sr.

24.     Upon information and belief, Defendant Etheredge Sr. has engaged in a systemic scheme to dilute and/or divert profits from the closely held entities in which Plaintiff held an ownership interest, and diverted such monies to other entities controlled by Etheredge Sr. Such a scheme was furthered, in part, by invoicing the Defendant Companies on behalf of Iron City Stamping or other Etheredge Companies, and charging prices that were not competitive with other similarly situated suppliers.

25.     Defendants have failed to produce any contemporaneous records evidencing that proper accounting methods were utilized to determine pricing and other charges. Further, Defendant has failed and refused to timely invoice expenses and other billings to and among the respective Etheredge Companies.

26.     While Defendant Etheredge Sr. has systematically drained the Etheredge-related companies of profits through the foregoing devices, he has also caused the books and records to reflect unsubstantiated loans and/or other fictitious indebtedness. Further, Etheredge Sr. has systematically delayed and withheld invoices/billings from the Etheredge entities in which substantial indebtedness accrued and was purportedly owing to Etheredge Sr. Such a scheme,

8

designed to suppress Plaintiff's assertion of her rights to information and/or profits, constitutes shareholder oppression, and serves to frustrate the Plaintiff's rights and dilute the value of Plaintiff's interests.

27. Upon information and belief, Defendant Etheredge Sr. has converted and/or misappropriated Etheredge Company monies and assets for his own personal use and has entered into disadvantageous business relationships with other related Companies in which he has an interest. Further, Defendant has engaged in acts designed to minimize and/or negate Plaintiff's right to distributions, dividends or other compensation.

28. Defendant Etheredge Sr. has managed the Companies as if they were solely owned, and has recognized no limits over control of the corporate assets. In adopting this management posture, Defendant has concealed and/or withheld material information concerning the Companies and has ignored Plaintiffs' repeated requests for information.

29. Defendant Etheredge Sr.'s pecuniary self interest and desire to operate the Etheredge-related Companies for his own personal gain places his interests at odds with the Plaintiff and has caused Plaintiff injury separate and apart from any other shareholder.[5]

30. Defendant Etheredge Sr., as Board Chairman of both Defendant Companies, has made decisions that do not constitute a valid exercise of business judgment, but instead are aimed to benefit the Defendant, Etheredge Sr., at the expense of the Plaintiff.

31. Defendant Etheredge Sr.'s acts and omissions have oppressed the Plaintiff's rights, breached his fiduciary duties, and caused damage to the value of the Companies. Defendant's actions were taken willfully, intentionally, and/or negligently, all for his personal benefit.

---

[5] As noted hereinabove, Plaintiff Lisa Etheredge and Etheredge Sr. are the only shareholders in each of the Companies.

9

## CLAIMS

32.    The Plaintiff's claims are brought individually and directly against the Defendant entities, as well as Defendant Charles Etheredge Sr., in both his official and individual capacities, based upon Defendant's acts to squeeze out and oppress the Plaintiff's rights.  Plaintiff further seeks equitable relief in the form of judicial dissolution of the Defendant Companies so that the Companies' assets can be liquidated and fairly distributed to its shareholders.

## COUNT ONE - REQUEST FOR ACCOUNTING

33.    The Plaintiff adopts and realleges each and every foregoing paragraph of the Complaint as if fully set forth herein.

34.    The Plaintiff avers that she is entitled to an accounting of the books and records of the Etheredge related Companies, as she is a shareholder and/or director of these entities and therefore is entitled to view the books and records of the corporations pursuant to Tennessee Code Ann. § 48-26-104.

35.    The Plaintiff seeks an accounting so as to determine the true value of the Etheredge-related companies and to determine the appropriateness and reasonableness of any charges and fees imposed by the Defendant, as well as any monies wrongfully taken out of Company accounts for the Defendant's own use and enjoyment.

10

## COUNT TWO - JUDICIAL DISSOLUTION PURSUANT TO TENN. CODE ANN. § 48-24-301, et. seq.

36.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

37.    Plaintiff avers that Defendant Etheredge Sr, who controls the Etheredge-related entities, has acted, is acting and continues to act in a manner that is illegal, oppressive and fraudulent, therefore establishing grounds for judicial dissolution pursuant to Tenn. Code Ann. § 48-24-301(2)(B).

38.    Pursuant to Tenn. Code § 48-24-301, Plaintiff Lisa Etheredge moves for a judicial dissolution of the Defendant Companies as Defendant Etheredge Sr. has acted, and is acting, in a manner that is illegal, oppressive, and/or fraudulent.

39.    Defendant Etheredge Sr. is misapplying and wasting the corporate assets for his sole benefit in violation of § 48-24-301.

40.    Further, Plaintiff asks for the appointment of a receiver for the Defendant Companies to wind up the companies and liquidate the assets for the benefit of its shareholders.

WHEREFORE, premises considered, Plaintiff requests the Court to order an appointment of a receiver, a winding up of the Defendant Companies, and a liquidation of the Companies' assets.

## COUNT THREE  - VIOLATION OF TENN. CODE § 48-26-102

41.    Before filing the current action, and pursuant to Tenn. Code §48-26-102, Plaintiff made request to inspect and copy the corporate records of Defendant Etheredge Development, Defendant Etheredge Manufacturing, and  Etheredge Trucking.

11

42.     While Plaintiff's books and records request was made months ago, Plaintiff has only received corporate tax returns for 2007-2011 for all companies involved, but has yet to receive:

> (1) Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of actions taken by the shareholders or board of directors without a meeting.

> (2) Accounting records of the corporation; and

> (3) the record of shareholders.

43.     Defendants have refused to provide the requested documents in violation of Tennessee statutory law.

44.     As a result, Plaintiff has been unable to determine the true financial status of each Defendant Company and has been damaged.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT FOUR - BREACH OF FIDUCIARY DUTY

45.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

46.     As a Director of both Defendant Companies, Defendant owed fiduciary duties, the highest standard of duty imposed by law, to the Companies, as well as the Plaintiff. The Director Defendant owed fiduciary duties of loyalty, good faith, care, candor and disclosure, including the duties to make informed business decisions and to preserve and not waste each Company's assets.

12

47.     In contravention of his fiduciary duties of loyalty, good faith, care, candor, and disclosure to the Companies, Defendant Etheredge Sr., repeatedly engaged in acts and omissions designed to benefit himself, while failing to provide the Plaintiff with distributions and dividends, as well as by failing to adequately and accurately disclose the Etheredge entities' financial condition.

48.     Defendant Etheredge Sr. breached his fiduciary duties of loyalty, good faith, care, candor and disclosure to the Plaintiff by, engaging in one or more of the following acts as alleged above and while serving as a Director of the Companies: (1) failing to properly disclose each Company's financial condition and/or providing the shareholders with inaccurate financial information and/or false tax returns; (2) approving interested transactions between the Companies and other companies for which Defendant held an interest; and (3) wasting the Companies' assets.

49.     Defendant Etheredge Sr. knew that he was not discharging his fiduciary duties to the Plaintiff, and recklessly and/or willfully disregarded his duty to do so.

50.     Defendant Etheredge Sr.'s actions as alleged herein violated his fiduciary duties to the Plaintiff, and were not the product of a valid business judgment, were not taken in good faith, or in a manner that Defendant Etheredge Sr. could have reasonably believed to be in the best interest of the Companies, and/or with the care an ordinary prudent person would exercise under similar circumstances.

51.     Defendant Etheredge Sr.'s actions caused harm to the Plaintiff and therefore she is entitled to a judgment against the Defendant in an amount to be proven at trial.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

13

## COUNT FIVE - BREACH OF FIDUCIARY DUTY

52. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

53. As an Officer of the Companies, the Defendant owed fiduciary duties, the highest standard of duty imposed by law, to the Companies and their shareholders. As an officer, the Defendant owed fiduciary duties of loyalty, good faith, care, candor and disclosure to the Companies and their shareholders, including the duties to make informed business decisions and to preserve and not waste each Company's assets.

54. In contravention of his fiduciary duties of loyalty, good faith, care, candor, and disclosure to the Plaintiff, and its shareholders, Defendant Etheredge Sr. knowingly and recklessly disregarded those fiduciary duties by, among other things, engaging in one or more of the following acts as alleged above and while serving as an officer of the Companies: (1) failing to properly disclose each Company's financial condition and/or providing the shareholders with inaccurate and/or false tax returns; (2) approving interested transactions between the Companies and other companies for which he has an interest; and (3) wasting the Companies' assets.

55. Defendant Etheredge Sr. knew that he was not discharging his fiduciary duties to the Companies and the Plaintiff, and recklessly and/or willfully disregarded his duty to do so.

56. Defendant Etheredge Sr.'s actions as alleged herein violated his fiduciary duties to the Companies and the Plaintiff, and were not the product of business judgment, because they were not taken in good faith, or in a manner the Officer Defendant could have reasonably

14

believed to be in the best interests of the Plaintiff, and/or with the care an ordinary prudent person would exercise under similar circumstances.

57.　　The Officer Defendant's actions caused harm to Plaintiff and therefore, Plaintiff is entitled to a judgment against Defendant Etheredge Sr. in an amount to be proven at trial.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT SIX - WASTE OF CORPORATE ASSETS

58.　　Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

59.　　Defendant owed the Companies and their shareholders the fiduciary duty not to waste the corporate assets and to protect and prudently use such corporate assets.

60.　　Defendant caused the Companies to enter into non-advantageous business relationships with other companies in which Etheredge Sr. had an interest.

61.　　Defendant engaged in conduct no person of ordinary, sound judgment would approve of, and wasted the Companies' corporate assets, resulting in no benefit and great damage to the Plaintiff.

62.　　As a result of Defendant's reckless and/or willful behavior and breach of duty alleged herein, the Companies' assets have been wasted.

63.　　The Defendant's actions damaged the Companies and their shareholders, by reason of which the Plaintiff is entitled to a judgment against the Defendant in an amount to be proven at trial.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT SEVEN - GROSS MISMANAGEMENT

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

65. The Defendant directly abdicated his responsibilities and fiduciary duties with regard to prudently managing the assets and business of the Companies in a manner consistent with similar companies, as not to waste or diminish the value of those assets.

66. By his reckless and/or willful actions alleged herein, the Defendant abandoned and abdicated his responsibilities and fiduciary duties with regard to prudently managing the assets and business of the Companies.

67. As a direct and proximate result of the Defendant's gross mismanagement and breach of fiduciary duty, the Companies and their corporate assets have not been prudently managed and have been wasted, for which the Defendant is liable to the Plaintiff in an amount to be proven at trial.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT EIGHT - BREACH OF DUTY OF LOYALTY

68. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

69. The Defendant owed a duty of loyalty to the Defendant Companies and their shareholders. The Defendant has breached this duty as a director, officer, and shareholder.

16

70.     The Defendant is liable for his willful, wanton, or negligent breach of his duty of loyalty to minority shareholder Plaintiff, based upon acts of self-dealing, fraud, and other non-disclosures as set forth above, which were designed to profit and benefit the Defendants to the detriment of the Plaintiff.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.


## COUNT NINE - FRAUD

71.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

72.     Defendant Etheredge Sr. fraudulently suppressed and/or misrepresented material facts, including but not limited to facts relating to the financial condition of the Defendant Companies, which has caused great injury to Plaintiff Lisa Etheredge.

73.     Defendant Etheredge Sr. further engaged in a fraudulent scheme to manipulate the books and records of the Etheredge entities, and thereby deprive the Plaintiff of her rights and interests in these Companies, for Defendant's own benefit.

74.     As a direct and proximate result of Defendant's actions, Plaintiff has been caused to suffer damages.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court cost.

17

## COUNT TEN - CONVERSION

75.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

76.     Defendant Etheredge Sr. has converted and maintained custody of monies belonging to the Plaintiff for his own personal use and enjoyment. While corporate tax returns reflect distributions made to Plaintiff, no such payments were actually made.

77.     Defendant Etheredge Sr. has exercised and maintained complete dominion and control over such money in defiance of Plaintiff Lisa Etherege's ownership interest and rights.

78.     As a direct and proximate result of Defendant's conversion, the Plaintiff has lost the use and benefit of her monies and interest thereon.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT ELEVEN - OPPRESSION AND SQUEEZE OUT OF MINORITY SHAREHOLDER

79.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

80.     Defendant Etheredge Sr., as majority shareholder of a number of Etheredge Companies, as well as the dominant and controlling shareholder of the other Etheredge Companies has engaged in acts and omissions which oppressed and squeezed out the Plaintiff's rights as a shareholder.

81.     Defendant Etheredge Sr. is liable for his wrongful and willful oppression and squeeze out of the Plaintiff's interest in the Defendant Companies in accordance with the principles in *Cochran v. L.V.R. & R.C.*, 2005 WL 2217067 (Tenn. App. Ct. September 12, 2005).

18

("Oppressive conduct is conduct whereby the majority attempts to freeze or squeeze the minority shareholder(s) out of the business, depriving the minority of its right to participate in the management of the corporation and/or their right to benefit financially in the form of reasonable compensation or dividends.")

82.     Defendant Etheredge Sr. abused his authority as a director and/or officer of both Companies in furtherance of his own self-interest. Defendant Etheredge Sr. used his status and authority as a director to control the activities of the Defendant Companies to deprive the Plaintiff of her fair share of the Companies' profits and opportunities, while at the same time concealing his self interested acts and omissions.

83.     As a result of the oppression and squeeze out committed by the Defendant, Plaintiff has been caused to suffer the following injuries and damages: (a) the Plaintiff lost income; (b) the value of the Plaintiff's stock was depressed: (c) the Plaintiff was denied the opportunity to participate in the governance of the business; and (d) such other and further damages as will be enumerated hereinafter.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.


## COUNT TWELVE - OPPRESSION AND SQUEEZE OUT OF MINORITY SHAREHOLDER (EQUITABLE RELIEF)

84.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

85.     Defendant Etheredge Sr. is liable for his wrongful and willful oppression and squeeze out of the Plaintiff's interest in the Etheredge Companies in accordance with the principles in *Cochran v. L.V.R. & R.C.*, 2005 WL 2217067 (Tenn. App. Ct. September 12, 2005)

("Oppressive conduct is conduct whereby the majority attempts to freeze or squeeze the minority shareholder(s) out of the business, depriving the minority of its right to participate in the management of the corporation and/or their right to benefit financially in the form of reasonable compensation or dividends.")`.

86.     Defendant Etheredge Sr. abused his authority as director and majority shareholder of the Defendant Companies to impermissibly control the Companies. Defendant Etheredge Sr. used his status and authority as a director to control the activities of the Companies to deprive Plaintiff of her fair share of the Companies' profits and opportunities, while at the same time concealing his self interested acts and omissions.

87.     As a result of the oppression and squeeze out committed by the Defendant, Plaintiff has been caused to suffer the following injuries and damages: (a) the Plaintiff lost income; (b) the value of the Plaintiff's stock was depressed; (c) the Plaintiff was denied the opportunity to participate in the governance of the business; and (d) such other and further damages as will be enumerated hereinafter.

WHEREFORE, premises considered, Plaintiff demands the imposition of a constructive trust over the operations of the Companies, the appointment of a receiver for the Companies, an accounting of the assets and financial activities of the Companies, and the liquidation of the Companies.

## COUNT THIRTEEN - UNJUST ENRICHMENT

88.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

20

89.     Defendant Etheredge Sr. has converted, misappropriated and/or transferred monies belonging to Plaintiff. Plaintiff seeks to recover any and all of the monies that Defendant Etheredge Sr. unlawfully removed or diluted from the Companies, as well as any other monies or property unlawfully obtained by the Defendants.

90.     As a result, Defendant has become unjustly enriched as he has received monies that belong to the Plaintiff. Plaintiff avers that there was no consideration for any of the transfers and misappropriations of money. Furthermore, the Plaintiff did not consent to, or ratify any of the Defendant's acts, which solely benefited the Defendant.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.


## COUNT FOURTEEN - NEGLIGENT MISREPRESENTATION

91.     The Plaintiff adopts and realleges each and every forgoing paragraph of the Complaint as if fully set forth herein.

92.     Defendant Etheredge Sr. negligently made materially false statements concerning the Companies' value and financial situation.

93.     Plaintiff Lisa Etheredge relied on such false statements to her own detriment.

94.     As a direct and proximate result, Plaintiff has been damaged and suffered injury due to Defendant's negligent misrepresentations.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and court costs.

## COUNT FIFTEEN - BREACH OF CONTRACT

95.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

96.     Plaintiff Lisa Etheredge and Defendant Etheredge Sr. executed articles of incorporation and/or operating agreements for the Defendant Companies requiring each party to adhere to certain standards and stipulations as enumerated in each of the governing agreements.

97.     Defendant Etherege Sr. has breached these agreements by failing to adhere to the agreement's terms and by failing to ensure the dividends or distributions specified therein to Plaintiff.

98.     As a result, Plaintiff Lisa Etheredge, as well as the Companies, have been damaged.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and Court costs.

## COUNT SIXTEEN – CIVIL CONSPIRACY

99.     Plaintiff adopts and realleges the foregoing paragraphs as if set out herein in full.

100.     The Defendants, acting in concert, one with the other, entered into a common scheme or design to oppress, squeeze-out and/or interfere with the rights of the Plaintiff, and by this course of action to recklessly, intentionally and/or willfully harm the Plaintiff.

101.     As a result of the Defendants' civil conspiracy, the Plaintiff has suffered injuries and damages.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and Court costs.

## COUNT SEVENTEEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.    Plaintiff adopts and realleges the foregoing paragraphs as if set out herein in full.

103.    That the Defendants have engaged in actions and omissions which had the intent of infliction of emotional distress and mental anguish on the Plaintiff, for which Defendants are liable.

104.    As a result of the actions of the Defendants, the Plaintiff has suffered injuries and damages, including but not limited to emotional distress and mental anguish.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages, interest, attorneys' fees, and Court costs.


## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1.    That Plaintiff be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $75,000;

2.    That Plaintiff be awarded punitive damages against the Defendants in an amount to be determined by a jury for their intentional, willful, knowing, fraudulent and dishonest violations of the law;

3.    That the Defendant Etheredge Companies be dissolved and liquidated by this Court and the assets be liquidated and dispersed to its shareholders;

4.    That Plaintiff be awarded her reasonable attorney's fees pursuant to Tennessee Code Annotated §47-18-109;

5.    That a temporary, mandatory, and permanent injunction be entered against the Defendants, restraining them from dissipating or wasting any assets

23

obtained by them unlawfully, and requiring them to immediately produce all books, property and financial records of the Etheredge-related entities;

6.      That a receiver be appointed to marshal the assets of the Etheredge-related entities, and the other ill-gotten assets of the Defendants pursuant to Federal Rules of Civil Procedure 66 and Tennessee Code Annotated § 48-24-303;

7.      That a jury be impaneled to hear this action;

8.      That the Plaintiff be awarded such other, further relief to which she may be entitled.

## JURY DEMAND

### PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

THOMAS E. BADDLEY, JR. (BAD001)

JEFFREY P. MAURO (MAU007)

JOHN PARKER YATES (YAT010)

BADDLEY & MAURO, L.L.C.
850 Shades Creek Parkway, Suite 310
Birmingham, Alabama 35209-4510
Tel. (205) 939-0090
Fac. (205) 939-0064
tbaddley@baddleymauro.com
jpmauro@baddleymauro.com
jpy@baddleymauro.com

24

ROGERS, DUNCAN & NORTH

BY: _____
J. Stanley Rogers (TN BPR No. 2883)

BY: _____
Christina Henley Duncan (TN BPR No. 13778)

ATTORNEYS FOR PLAINTIFF,
LISA ETHEREDGE

ROGERS, DUNCAN & NORTH
100 North Spring Street
Manchester, TN 37355
Tel. (931) 728-0820
Fac. (931) 728-9798