IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LISA ETHEREDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:12-0165 |
| | ) |
| CHARLES GENE ETHEREDGE, SR., | ) |
| ETHEREDGE DEVELOPMENT, INC., | ) |
| and ETHEREDGE MANUFACTURING | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDMENT TO THE COMPLAINT

COMES now the Plaintiff, Lisa Etheredge, in the above styled cause and hereby files this First Amendment to the Complaint heretofore filed and states as follows:

1. Plaintiff adopts the previously filed Complaint as if set out herein in full.

2. Plaintiff hereby amends the Complaint by adding **St. Joseph Casket Company** as a necessary party plaintiff.

3. St. Joseph Casket Company is a Tennessee company, and of which Plaintiff Lisa Etheredge is the 98% owner and serves as its President.

4. Plaintiff further amends its Complaint by adding **Iron City Stamping, Inc**. as a necessary party defendant.

5. Defendant Iron City Stamping, Inc. is a corporation having its principal place of business in the State of Tennessee, and is majority owned, and controlled, by Defendant Charles Etheredge, Sr. Iron City Stamping, Inc. is responsible for acts alleged and damages thereafter suffered as delineated in this Amendment as well as those alleged in the previously filed Complaint.

6. That each and every allegation as set forth in the previously filed Complaint is adopted and realleged by the Plaintiffs as if set out herein in full.

7. The acts and omissions of Defendant Charles Etheredge Sr., individually as well as in concert with the other Etheredge entities, including Iron City Stamping, Inc., give rise to the events and circumstances complained of herein.

8. Plaintiff's initial Complaint challenges a pattern of self-dealing, mismanagement, as well as fraudulent and oppressive conduct by Charles Etheredge, Sr., by and through his operation of the various Etheredge entities, including newly added Defendant, Iron City Stamping, Inc. The Defendants' acts include repeated breaches of fiduciary duty,

misappropriation of corporate assets, manipulation of books and records, and diversion of corporate opportunities, which have deprived Plaintiff of her rights and expectations to participate and share in the profits of these entities.

9. Since the Plaintiff commenced this litigation, Defendant Etheredge Sr. has engaged in further acts designed to interfere with and financially harm St. Joseph Casket Company's business. Such unlawful acts have been taken despite Etheredge Sr.'s ownership interest in St. Joseph Casket, and having previously served as its President as well as a board member.

10. That Defendant Iron City Stamping, Inc. had a business and contractual relationship with Plaintiff St. Joseph Casket Company for the supply of metal stamping materials needed for Plaintiff to manufacture caskets.

11 That Plaintiff was forced to end this business relationship based upon Iron City Stamping's continued supply of inferior and defective metal product, which resulted in higher operating costs for St. Joseph Casket Company.

12. That Etheredge Sr., individually, as well as in his capacity as

majority owner of Iron City Stamping, has conspired to engage in the activities enumerated in Plaintiffs' Complaint, and has continued to engage in unlawful activities which give rise to the allegations complained of herein, including interfering with and unlawfully impeding the business of Plaintiff St. Joseph Casket Company.

13. Defendant Etheredge Sr., individually, as well as in his capacity as owner of Iron City Stamping, has engaged in repeated and continuous unlawful and retaliatory acts towards Plaintiffs, in an effort to put St. Joseph Casket out of business. Such acts by Defendants include the following:

a. Defendants Etheredge Sr. and Iron City Stamping have engaged in a course of conduct to provide inferior and/or defective metal materials to St. Joseph Casket which was unsuitable for Plaintiff's manufacture of its caskets. Despite Plaintiffs' notification of such non-conforming goods, no meaningful response or other curative measures were taken by Defendants to remedy the problem. As a result, Plaintiffs were forced to obtain an alternate supplier of metal stamping materials for its business.

b. On July 24, 2013, in retaliation for Plaintiffs use of an alternate supplier of metal stamping product, Defendants issued an eviction notice to

Plaintiff Lisa Etheredge ordering St. Joseph Casket Company to vacate the premises in which it conducts business operations within sixty days.[1]

      c.     Defendant Iron City Stamping has further demanded that Plaintiffs remit payment for an alleged outstanding balance owed by St. Joseph Casket in the amount of $1,803,825.87, within the same sixty day time period, or further collection efforts would be pursued.

      d.     Defendant Etheredge Sr. has repeatedly contacted employees of St. Joseph Casket in an attempt to gain information, disparage the company and Plaintiff, induce said employees to leave the company, as well as engage in acts designed to harm St. Joseph Casket.

      e.     Defendant Etheredge Sr. has instructed a St. Joseph employee to begin looking for warehouse facility in Memphis, Tennessee, to enable Etheredge Sr. to open a competing casket business in order to financially harm St. Joseph Casket and put the Plaintiffs out of business.

      f.     Defendant has also hired a former employee of St. Joseph Casket who was fired for cause. This former employee has contacted a current St. Joseph employee to advise that St. Joseph was going under and was looking forward to starting a new casket business.

---

[1] One dispute in the current action is who owns the building where St. Joseph Casket Company operates.

14. All such acts have been taken to harm and/or retaliate against Plaintiff, and harm the business of St. Joseph Casket Company, despite Etheredge Sr.'s status as a shareholder of said company.

15. That Defendants' threat of eviction to St. Joseph Casket from a building whose ownership is one of the bases of the current action, would cause St. Joseph Casket to suffer irreparable injury, as it would cause the company to cease operations, as well as damage its relationships with vendors and customers.

16. That Plaintiffs hereby amend Counts One, Two, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fifteen, Sixteen and Seventeen of the initial Complaint to include Defendant Iron City Stamping as a party defendant responsible for unlawful acts alleged therein, individually, as well as in concert with the other Defendants.

17. That Plaintiff further amends the Complaint by adding the following additional counts.

## Count Eighteen
## Breach of Fiduciary Duty

18. Plaintiffs rely upon the factual averments in numbered paragraphs 1- 17 of this amended complaint, as well as the averments

contained in Plaintiff's initial Complaint, in support of the following cause of action.

19. Defendant Etheredge Sr. is a shareholder of St. Joseph Casket Company, and has engaged in deliberate acts to harm a business in which he is an owner.

20. Defendant Etheredge Sr. has engaged in unlawful acts in his capacity as majority owner of Iron City Stamping, Inc., to interfere with and financially harm the business of St. Joseph Casket Company.

21. That as a shareholder of St. Joseph Casket Company, Defendant Etheredge Sr. owes a fiduciary duty to Lisa Etheredge, as well as to the company, to deal in good faith and in the best interests of St. Joseph Casket and its shareholders.

22. Defendant Etheredge Sr. knew that he was not discharging his fiduciary duties to the Plaintiffs, and recklessly and/or willfully disregarded his duty to do so.

23. Defendant Etheredge Sr.'s actions as alleged herein violate his fiduciary duties owed to Plaintiffs, and were not taken in good faith or in a manner that could reasonably be believed to be in the best interests of the company, and/or within the care an ordinary prudent person would exercise under similar circumstances.

24. That Etheredge Sr.'s actions, individually, as well as in his capacity as owner of Iron City Stamping, have directly and proximately caused harm to Plaintiffs and therefore Plaintiffs are entitled to a judgment against the Defendants in an amount to be proven at trial.

25. Wherefore, premises considered, Plaintiffs demand a judgment against the Defendants for compensatory and punitive damages, interest, attorneys' fees and court costs, in an amount to be determined by a jury at a trial of this cause.

## Count Nineteen
## Judicial Dissolution and Injunction Pursuant to
## Tenn. Code Ann. § 48-24-301 et. seq.

26. Plaintiffs rely upon the factual averments in numbered paragraphs 1-25 of this amended complaint, as well as the averments contained in Plaintiff's initial Complaint, in support of the following cause of action.

27. The Plaintiffs aver that Defendant Etheredge Sr., who majority owns and controls Iron City Stamping, Inc., Etheredge Manufacturing Company, Inc. and Etheredge Development, Inc. has acted and continues to act in a manner that is illegal, oppressive and fraudulent, therefore

establishing grounds for judicial dissolution of the Etheredge entities pursuant to Tenn. Code Ann. § 48-24-301(2)(B).

28. WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray for the following relief:

    a.    That the Defendant Etheredge Companies, including Etheredge Manufacturing Company, Inc., Etheredge Development, Inc., and Iron City Stamping, Inc., be dissolved and liquidated by this Court and the assets derived therefrom be liquidated and disbursed to its shareholders;

    b.    That a temporary, mandatory and permanent injunction be entered against the Defendants, restraining them from the unlawful acts alleged herein, as well as from dissipating or wasting any assets obtained by them unlawfully;

    c.    That a receiver be appointed to marshal the assets of the Defendant Etheredge entities, and the other ill-gotten assets of the Defendants;

    d.    That the Plaintiffs be awarded such other, further relief to which they may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

9
Case 1:12-cv-00165 Document 55 Filed 09/24/13 Page 9 of 11 PageID #: 611

Respectfully submitted,

s/Thomas E. Baddley, Jr.
THOMAS E. BADDLEY, JR.

s/Jeffrey P. Mauro
JEFFREY P. MAURO

s/John Parker Yates
JOHN PARKER YATES

Thomas E. Baddley, Jr.
Jeffrey P. Mauro
John Parker Yates
BADDLEY & MAURO, LLC
850 Shades Creek Parkway, Ste. 310
Birmingham, AL 35209
205-939-0090
tbaddley@baddleymauro.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2013, a copy of the foregoing First Amendment to the Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

J. Stanley Rogers
100 North Spring Street
Manchester, TN 37355 *Attorney for Plaintiff*

Christina Henley Duncan 100 North Spring Street

10

Manchester, TN
37355 *Attorney
for Plaintiff*

Dalton M. Mounger
808 South High Street
P.O. Box 1468
Columbia, TN 38402-1468
(931) 380-9005
dmounger@dmounger.com

W. Michael Harris
P.O. Box 743
Lawrenceburg, TN 38464-0743
*Attorney for Defendant Charles Gene Etheredge, Sr.*

        S/THOMAS E. BADDLEY, JR.
        THOMAS E. BADDLEY, JR.

PLAINTIFFS WILL SERVE
DEFENDANT IRON CITY STAMPING
VIA CERTIFIED MAIL AS FOLLOWS:

IRON CITY STAMPING
3 Holly Creek Road
Iron City, TN 38463